UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>EBRAHIM SHABUDIN and<br>THOMAS YU,<br><br>Defendants. | Case No. 11-cr-00664-JSW-1 (NJV)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 142 |

The district court has referred all discovery matters in this action to the undersigned. The Government has withheld from production 422,000 documents (approximately 1.4 million pages) on the ground that the documents are "within the scope" of the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311, *et seq*. Doc. No. 142. The Government moved the court to enter a protective order that would govern the terms of the Government's production of those sequestered documents to Defendants. The court heard the Government's motion for a protective order on February 28, 2014. During oral argument, counsel for the Government clarified that he sought two rulings from the court: (1) a ruling that those sequestered documents that are not Suspicious Activity Reports ("SARs"), but rather are "underlying materials," are not covered by the BSA, are discoverable, and may be produced voluntarily by the Government; and, (2) a ruling that Defendants are forbidden from using or describing any materials so produced by the Government outside the scope of the attorney client privilege. The court will not issue either of those rulings.

With respect to the first requested ruling, Counsel for the Government acknowledged that he can obtain an opinion from the Department of Justice ("DOJ") regarding the Government's obligations under the BSA. The court finds it is more appropriate for the Government to obtain its

1  own advice from the DOJ than for the court to wade into this issue.

2  With respect to the second requested ruling, the court notes that the sequestered documents
3  may include *Brady* and *Giglio* materials, which Defendants are entitled to obtain even if the
4  documents are within the scope of the BSA.  *See U.S. v. Holihan*, 248 F. Supp. 2d 179, 185-188
5  (W.D.N.Y. 2003).  The Government understands its obligations under Rule 16, *Brady* and *Giglio*,
6  and the court trusts that the Government will comply with those obligations.  Moreover, the parties
7  already have entered into a Stipulated Protective Order in this case.  *See* Doc. No. 31.  It defines
8  all documents produced by the Government in this matters as "Protected Material," and in relevant
9  part specifies that

> [p]ossession of copies of the Protected Material shall be limited to the defendant and his attorneys, including any investigators, paralegals, law clerks, assistants and other persons who are within the attorney-client privilege (hereinafter collectively referred to as 'members of the defense team.'  The defendant, his attorneys and the members of his defense team may use the Protected Material for any purpose consistent with defending against the allegations in the Indictment.  The defendant, his attorneys and the members of his defense team may show the Protected Material to witnesses or prospective witnesses in conjunction with their defense of this case.  The defendant, his attorneys and the members of his defense team agree not to share, duplicate or give copies of the Protected Material to other persons, however.

*Id*.  It also addresses the treatment of Protected Material in court filings.  *Id*.  This court will not impose additional limits on how Defendants may use any exculpatory material to develop their defense.

**IT IS SO ORDERED**.

Dated: March 3, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge