UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EBRAHIM SHABUDIN,<br><br>    Defendant. | No. CR 11-0664 JSW<br><br>[~~PROPOSED~~] **ORDER OF DETENTION PENDING SENTENCING** |

**PURSUANT TO THE COURT'S ORAL ORDER OF APRIL 2, 2015:**

On March 25, 2015, a jury found defendant Ebrahim Shabudin guilty of all seven counts against him as set forth in the Superseding Indictment. On that day, the United States moved for detention pending sentencing. This Court held an initial hearing on that motion on March 30, 2015, wherein the Court ordered a complete bail study of the defendant. On April 2, 2015, with bail study in hand, this Court held a final detention hearing, whereupon it found and held as follows:

Pursuant to 18 U.S.C. §§ 3143(a)(1), the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee." [1]

---

[1] The elided portion makes an exception for those whom the U.S. Sentencing Guidelines do not recommend a term of imprisonment. For reasons stated further in this order, that exception does not apply to this defendant.

[~~PROPOSED~~] ORDER OF DETENTION PENDING SENTENCING
*UNITED STATES V. SHABUDIN, NO. CR-11-0664*

In this case, the evidence before the Court supports the conclusion that the defendant is indeed a flight risk. The bail report prepared by U.S. Pretrial Services makes clear that the defendant has a long and essentially uninterrupted history of international travel and contact. He has lived abroad in locations such as Zimbabwe, where he was born, and has had extensive international travels throughout his life to locations such as Saudi Arabia, China, and the United Kingdom for both work and personal reasons.

In addition to traveling and residing abroad, the defendant has substantial familial ties overseas, with all four of the defendant's siblings residing in the United Kingdom, where it would appear the defendant himself is a citizen, given his possession of a United Kingdom passport.[2]

The Court has considered that the defendant is a long-time resident of the Northern District of California with significant ties to the community, where both his wife and grown daughter live. Nevertheless, the defendant's substantial foreign ties are a cause of genuine concern on the issue of flight risk.

Greatly compounding that concern is the amount of prison time the defendant is potentially facing after having been convicted of all counts charged against him. The United States has proffered that the loss to the taxpayers from the failure of the defendant's bank, United Commercial Bank, exceeds approximately $862 million, which is comprised of losses to the FDIC insurance fund (approximately $564 million) and the Troubled Asset Relief Program (approximately $298 million), and does not include stock investor losses. This results in a guideline enhancement of 30 additional offense levels beyond the base offense level of seven. *See* U.S.S.G. §§ 2B1.l(a)(1) & (b)(1)(P).

The defendant's scheme appears to have "substantially jeopardized the safety and soundness of a financial institution" given that UCB failed, and as UCB's Chief Credit Officer and Chief Operating Officer during the relevant time period, the defendant may be an "officer or director of a publically traded company" in this securities fraud conviction, yielding additional guideline enhancements of a total of eight offense levels. *See* U.S.S.G. §§ 2B1.1(b)(16)(B) & (b)(19)(A).

Other potential guidelines enhancements include a large number of victims, which can result in up to another four-level enhancement, *see* U.S.S.G. §§ 2B1.1(b)(2) & (b)(16)(C), and that the defendant

---

[2] The record is clear that the defendant is a citizen of the United States as well.

[PROPOSED] ORDER OF DETENTION PENDING SENTENCING
*UNITED STATES V. SHABUDIN, NO. CR-11-0664*

was a manager and supervisor of an extensive criminal conspiracy, resulting in up to three more offense levels, *see* U.S.S.G. § 3B1.1(a). The defendant also chose to testify at trial, and if the District Court determines that he committed perjury, it would increase the defendant's guideline range an additional two levels. *See* U.S.S.G. § 3C1.1.

In all, the defendant faces a potential adjusted offense level of 54, far exceeding the maximum offense level of 43 set forth in the guideline's sentencing table, and recommending a sentence of life imprisonment regardless of criminal history category.

To be clear, the Court is not making findings regarding the actual guidelines-recommended sentence or stating a position with respect to the sentence that should be imposed on the defendant. Those decisions will be made in due course by the District Court after full and fair consideration of the parties' submissions. Rather, it is the *potential* for such a severe sentence that causes great concern with respect to the defendant's risk of flight. While it is unclear today how the guidelines will be calculated and what the defendant's sentence will be, the fact that such a lengthy sentence is within the realm of sentences contemplated by the guidelines is sufficient to motivate the defendant to flee. That motivation, along with the defendant's history of living and travelling abroad, and his substantial family contacts in the U.K., where he appears to be a citizen, provides sufficient evidence demonstrating that the defendant presents a risk of flight.

The defendant emphasizes that his history of compliance thus far with the conditions of his pretrial release establishes by clear and convincing evidence that he is not likely to flee. However, the circumstances have changed substantially for the defendant since the jury's guilty verdicts. When he was initially charged, the defendant was subject to the presumption of innocence and a detention statute that contains numerous factors for the Court to consider in determining whether there were any "conditions of release that will reasonably assure the appearance of the person as required." 18 U.S.C. §§ 3142(g) & (j); *see, e.g., United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (noting that, in the pre-verdict context, "[d]oubts regarding the propriety of release should be resolved in favor of the defendant").

At this point, however, given the jury's verdicts, the defendant is no longer shrouded in the presumption of innocence. As a result, the detention statute at issue has changed, and the court "shall

[PROPOSED] ORDER OF DETENTION PENDING SENTENCING
*UNITED STATES V. SHABUDIN, NO. CR-11-0664*

order" that the defendant "be detained" unless he can establish by clear and convincing evidence that he is not likely to flee. 18 U.S.C. § 3143(a)(1); *see, e.g., Motamedi*, 767 F.2d at 1406 (noting, "in the related context of a defendant's right to bail pending appeal, Congress expressly required the defendant to negate both danger to the community and flight risk by clear and convincing evidence").

Not only has the statutory scheme changed, but the circumstances for this defendant have significantly changed as well. The defendant has fully litigated his case since his arrest in 2011 while on release. During that time period it had never been established that he would be convicted of a crime, let alone face any prison sentence. At this point, however, the defendant's guilt of seven serious felonies has been established beyond a reasonable doubt, and the defendant faces a potential prison sentence that may result in him never leaving prison again, given his current age of 67.

Further, as noted above, the defendant chose to take the stand under oath and deny his guilt as the only fact witness called by the defense.[3] That the jury delivered guilty verdicts on all seven counts is highly suggestive that they concluded that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (setting forth the federal standard for perjury).

Importantly, such apparent perjury was roughly contemporaneous with the jury's verdict, and is a new circumstance that introduces doubt regarding the defendant's representations about his willingness to make further appearances in this matter. *See, e.g., United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (upholding the application of § 3C1.1 when a defendant testifies falsely at trial, and noting that the commission of perjury by a testifying defendant "reflects on a defendant's criminal history, on her willingness to accept the commands of the law and the authority of the court, and on her character in general"). This additional changed circumstance supports the determination that the defendant poses a risk of flight no matter the release conditions imposed by the Court.

For the foregoing reasons, and pursuant to 18 U.S.C. § 3143(a)(1), the Court orders defendant Ebrahim Shabudin detained pending sentencing. At the request of the defendant, the Court recommends

---

[3] The record indicates that defendant also called an expert witness and three character witnesses.

[PROPOSED] ORDER OF DETENTION PENDING SENTENCING
*UNITED STATES V. SHABUDIN, NO. CR-11-0664*

1  that he be housed in Marin County jail until he is designated to a federal facility upon sentencing.

3  IT IS SO ORDERED.

5  DATED: April 7, 2015  _____
   HON. NANDOR J. VADAS
   United States Magistrate Judge

[PROPOSED] ORDER OF DETENTION PENDING SENTENCING
*UNITED STATES V. SHABUDIN, NO. CR-11-0664*