JAMES A. LASSART (SBN 40913)
    Email: JLassart@mpbf.com
THOMAS P. MAZZUCCO (SBN 139758)
    Email: TMazzucco@mpbf.com
NICHOLAS C. LARSON (SBN 275870)
    Email: NLarson@mpbf.com
MURPHY PEARSON BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108
Telephone:    (415) 788-1900
Facsimile:    (415) 393-8087

Attorneys for Defendant
EBRAHIM SHABUDIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>EBRAHIM SHABUDIN,<br><br>                    Defendant. | CASE NO.  CR 11-0664 JSW<br><br>**DEFENDANT EBRAHIM SHABUDIN'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE UNITED STATES' MOTION TO TRANSFER MONEY TO MONETARY PENALTIES**<br><br>Date:        February 16, 2016<br>Time:        1:00 p.m.<br>Place:       Courtroom 5, 2nd Floor (Oakland)<br>Judge:      Hon. Jeffrey S. White |

Pursuant to the Court's January 19, 2016 Order, Defendant Ebrahim Shabudin ("Shabudin"), by and through his trial attorney of record, James A. Lassart, files this Supplemental Brief in Response to the Government's Motion for Order Directing the Clerk of the Court to Transfer Money Deposited With Clerk to Defendant's Criminal Monetary Penalties.  The Government's motion should be denied because directing Shabudin's bond to his restitution would cause undue hardship to Shabudin and his wife, Halima Shabudin.

- 1 -

DEFENDANT EBRAHIM SHABUDIN'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE                    Case No. CR 11-0664
UNITED STATES' MOTION TO TRANSFER MONEY TO MONETARY PENALTIES                              JSW

## I.   ARGUMENT

The Government has filed a motion to apply Shabudin's $100,000[1] bond deposit to his restitution. Govt. Mot. at 2. The Government's request is made pursuant to 28 U.S.C. § 2044 and represents an exception to the ordinary rule that "the court must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture." Fed. R. Crim. P. 46(g).

The Government is only entitled to the bond under 28 U.S.C. § 2044 subject to the hardship exception.  The statute provides:

> On motion of the United States attorney, the court shall order any money
> belonging to and deposited by or on behalf of the defendant with the
> court for the purposes of a criminal appearance bail bond (trial or appeal)
> to be held and paid over to the United States attorney to be applied to the
> payment of any assessment, fine, restitution, or penalty imposed upon
> the defendant. The court shall not release any money deposited for bond
> purposes after a plea or a verdict of the defendant's guilt has been entered
> and before sentencing except upon a showing that an assessment, fine,
> restitution or penalty cannot be imposed for the offense the defendant
> committed or that the ***defendant would suffer an undue hardship***. This
> section shall not apply to any third party surety.

28 U.S.C. § 2044 (emphasis added.)

In Reply to Shabudin's Opposition, the Government argues that the release of money under the undue hardship exception (Gov't Reply at 2):

> only applies during the interim period "after a plea or a verdict of the
> defendant's guilt has been entered and before sentencing." *Id.*  That
> interim time period has passed.  The United States' judgment lien arose
> upon entry of judgment and attached to Defendant's property and rights
> to property, including the bond deposit at issue. *See* 18 U.S.C. §3613(c).
> Accordingly, the exception under Section 2044 is no longer available
> and the statute's mandate that Defendant's bond money be turned over
> for restitution applies.

The Government's argument is based on a misinterpretation of the statute and unsupported by case law.  The Government's argument is, essentially, that the time for the Court to apply the exception

---

[1] Shabudin submits that $80,000 is the correct bond amount. The Government correctly states that on November 3, 2011, Shabudin posted a cash appearance bond of $100,000.  The Government, however, appears not to acknowledge that on May 14, 2015 the Honorable Magistrate Judge Westmore exonerated the $100,000 cash bond and ordered $80,000 cash collateral to be reposted, among other security. *See* Dkt. Nos. 415, 425, Magistrate Westmore's Order & Amended Order Exonerating Current Security to Facilitate Reposting.

DEFENDANT EBRAHIM SHABUDIN'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE UNITED STATES' MOTION TO TRANSFER MONEY TO MONETARY PENALTIES

Case No. CR 11-0664 JSW

has expired, however, this is based on an isolated reading of the particular phrase highlighted by the Government – "after a plea or a verdict of the defendant's guilt has been entered and before sentencing" – and not the entire statute.  When considering the entire statute, the Government's argument does not make sense and is counter to public policy.  Specifically, were the Government's interpretation that the undue hardship exception simply expires after sentencing correct, the Government would always wait until after sentencing to file the instant motion, so as to prevent any defendant from claiming the exception.

Moreover, the Government's argument fails because the Court has yet to order that any bail funds be applied toward restitution – that is precisely what the Court is considering. The statute when read as a whole, directs the Court "**On motion of the United States attorney**, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond … be applied to the payment of any assessment, fine, **restitution** … **The court shall not release any money deposited for bond purposes** after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that … the ***defendant would suffer an undue hardship.***" *Id*. (emphasis added.)

At best, the statue is silent in regard to whether a court is permitted to release funds based on undue hardship.[2]  More accurately, however, the statute contemplates that when the government makes such a motion, a court is permitted to make an order that bail be applied to restitution and that a court is not permitted to release any funds before sentencing unless one of the exceptions set forth in the statute applies, so that the government can be permitted to consider the sentence – and penalty imposed on a defendant – to see if the instant motion should be made.  The statute instructs the court not to release any bail funds to a defendant prior to sentencing precisely for this reason.  The government can also make a motion before sentencing, but given that the penalty imposed on the defendant would not be certain at that time, this motion would merely serve as a placeholder until after sentencing.  This is exactly why the Government's argument in this case does not make sense, because it would essentially render the undue hardship exception moot in situations like this one – where the Court has yet to

---

[2] The statute does not explicitly state that the Court shall not release any money deposited for bond purposes after sentencing.

1    determine if bail is to be applied toward restitution.

2           As previously argued, Shabudin's wife, Halima Shabudin, would suffer an undue hardship

3    were the Government's motion granted.[3]  Defendant Shabudin voluntarily surrendered and has been in

4    custody since the first week of November, 2015.  He will not be released, according to this Court's

5    sentencing order, for ninety-seven months.  Dkt. No. 449, at 2 (Judgment). Shabudin has been married

6    to his wife, Halima Shabudin, for forty-four years, and all along, has been the primary income source

7    for the family.  *See* Dkt. No. 439, at 24 (Defendant's Sentencing Memorandum).  Halima Shabudin is

8    not employed; she has minimal monthly cash flow; and she is not currently able to work due to her

9    poor health.  *Id*.  She also has type I diabetes, has lost significant weight, and has thyroid problems. *Id*.

10   Given her health and financial needs, Halima Shabudin would suffer an undue burden if denied these

11   funds.

12                              **II.**    <u>**CONCLUSION**</u>

13          For the foregoing reasons, Shabudin requests that the Government's motion be denied and that

14   the cash bond be dispersed to Defendant's wife, Halima Shabudin.

15
     Dated: January 26, 2016                    Respectfully Submitted,
16
                                                MURPHY, PEARSON, BRADLEY &
17                                              FEENEY

18                                              By:/s/ JAMES A. LASSART
19                                                 JAMES A. LASSART
                                                   Attorney for Defendant
20                                                 EBRAHIM SHABUDIN

21

22

23

24

25

───────────────

26   [3] Though there is little case law defining the nature or extent of the hardship required to trigger the
     exception, courts have found that denying a cash bond to the wife of an incarcerated husband would
27   constitute an "undue hardship." *See United States v. Hunger*, 2008 U.S. Dist. LEXIS 88925, 2008 WL
     4790540 (S.D. Tex. Oct. 31, 2008) (denying the Government's Section 2044 motion because
28   Defendant's wife would suffer undue hardship were she not to receive the bond).

DEFENDANT EBRAHIM SHABUDIN'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE          Case No. CR 11-0664
UNITED STATES' MOTION TO TRANSFER MONEY TO MONETARY PENALTIES              JSW